UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK LEO SHEKO,

       Petitioner,

                                    CASE NO. 2:11-CV-11969
v.                             JUDGE VICTORIA A. ROBERTS
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

PAUL KLEE,

       Respondent.

                                   /

**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO TRANSFER TO THE SIXTH CIRCUIT (docket #6)**

I.      RECOMMENDATION: The Court should conclude that petitioner's habeas application does not constitute a "second or successive" application pursuant to 28 U.S.C. § 2244(b). Accordingly, the Court should deny respondent's motion to transfer, and should order respondent to file an answer to the petition.

II.     REPORT:

A.    *Procedural History*

Petitioner Patrick Leo Sheko is a state prisoner, currently confined in the Gus Harrison Correctional Facility in Adrian, Michigan. Petitioner is currently serving four concurrent sentences of 25-50 years' imprisonment imposed as a result of his 1991 convictions for four counts of first degree criminal sexual conduct pursuant to his no contest plea in the Detroit Recorder's Court. After the Michigan Court of Appeals affirmed his convictions and the Michigan Supreme Court denied his application for leave to appeal, petitioner filed an application for the writ of habeas corpus on April 21, 1997. *See Sheko v. Hofbauer*, No. 97-CV-60101 (E.D. Mich. Apr. 21, 1997) (Hackett, J.). That petition raised, as grounds for relief, four claims: (1) invalid search and seizure; (2) involuntary plea;

(3) ineffective assistance of counsel; and (4) denial of due process and prosecutorial misconduct by denials of: discovery and suppression of exculpatory evidence, a public trial, his right to be present, and withdrawal of his plea. On April 29, 1998, Judge Hackett dismissed the petition.

Petitioner filed the instant habeas application on May 4, 2011, challenging the same convictions attacked in his earlier petition. As grounds for the writ, petitioner asserts 16 claims: (1) illegal search and seizure in violation of the Fourth Amendment; (2) denial of free speech rights; (3) illegal arrest; (4) denial of petitioner's privilege against self-incrimination; (5) illegal detention without a probable cause hearing; (6) invalid search warrants based on false affidavits; (7) denial of the right to a jury trial; (8) invalid plea; (9) constructive denial of counsel by the trial court; (10) suppression of exculpatory evidence; (11) improper prosecutorial comments; (12) denial of the right to be present at all stages of the proceedings; (13) insufficient evidence; (14) ineffective assistance of trial counsel; (15) ineffective assistance of appellate counsel; and (16) constructive denial of counsel. In lieu of filing an answer, on November 10, 2011, respondent filed a motion to transfer the case to the Sixth Circuit, arguing that petitioner's application is a second or successive petition which, pursuant to 28 U.S.C. § 2244(b), he cannot file without first obtaining authorization from the Sixth Circuit. Petitioner has not filed a response to the motion. For the reasons that follow, the Court should deny respondent's motion to transfer and should order respondent to file an answer to the petition.

B.    *Analysis*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the procedures governing and the substantive standards

applicable to second or successive applications for the writ of habeas corpus. Specifically, as amended by the AEDPA the habeas statute provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" the petitioner shows either that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and these facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Whether a successive application satisfies the exception set forth in § 2244(b)(2), however, is not for the District Court's determination in the first instance. Rather, that statute provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). Such authorization may be granted by the Court of Appeals "only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(C).[1] Both the substantive and procedural requirements of § 2244(b) are "stringent." *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam).

---

[1]Even where authorization is granted, however, the Court of Appeals's determination is merely a preliminary one that a *prima facie* showing of the applicability of § 2244(b)(2) has been made. Even after authorization to file has been granted by the Court of Appeals, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4).

As the Sixth Circuit has recently explained,

> "The phrase 'second or successive' is not self-defining." *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007). Instead, it is a "term of art" that is "given substance" by the Supreme Court's habeas cases. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). The Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." *Panetti*, 551 U.S. at 944 (citing *Slack*, 529 U.S. at 487).

*In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (parallel citations omitted). Under this approach, a petition is "second or successive" if it challenges the same conviction as a prior petition and the prior petition was dismissed with prejudice "on the merits," rather than without prejudice for a non-merits reason such as lack of exhaustion or unripeness. *See Quezada v. Smith*, 624 F.3d 514, 517-18 (2d Cir. 2010); *In re Bowen*, 436 F.3d 699, 704-05 (6th Cir. 2006); *cf. Burton*, 549 U.S. at 153 (second petition is one which challenges "the same custody imposed by the same judgment of a state court.").[2] Further, § 2244(b) applies to any second or successive application filed after the effective date of the AEDPA, even if the first petition was filed before the Act's effective date. *See In re Minarik*, 166 F.3d 591, 599-600 (3d Cir. 1999) (citing *In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997)); *Buell v. Anderson*, 48 Fed. Appx. 491, 497 (6th Cir. 2002).

Under § 2244(b), a district court lacks jurisdiction to entertain a second or successive petition for which authorization to file has not been obtained. *See Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) ("§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition."). Because of this, a District Court presented with what it believes to be a second or successive petition must transfer the

---

[2] Under this rule, a dismissal with prejudice on a procedural basis, such as based on untimeliness or procedural default, constitutes a decision "on the merits" barring a subsequent petition. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005); *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).

petition to the Sixth Circuit pursuant to 28 U.S.C.§ 1631. *See In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

Here, it is clear that petitioner's application does not constitute a "second or successive" one subject to § 2244(b). Judge Hackett dismissed petitioner's first application without prejudice, based on petitioner's failure to exhaust his state court remedies with respect to the claims raised in the petition. *See Sheko v. Hofbauer*, No. 97-CV-60101 (E.D. Mich. Apr. 29, 1998), at 6-8.[3] The Supreme Court has explicitly held that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack*, 529 U.S. at 485-86. Because petitioner's first application was dismissed without prejudice based on his failure to exhaust his state court remedies, he was not required to obtain authorization from the Court of Appeals under § 2244 before filing his application in this Court. *See In re Wilson*, 142 F.3d 939, 940 (6th Cir.1998); C*hristy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("[W]hen a prior petition has been dismissed without prejudice for failure to exhaust state remedies, no such authorization is necessary and the petitioner may file his petition in the district court as if it were the first such filing."); *Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996).

C.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's current application is not a second or successive application subject to the requirements of § 2244(b). Accordingly, the Court

---

[3]Pursuant to FED. R. EVID. 201 (court may take judicial notice of any fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."), the Court may take judicial notice of its own records. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (court may take judicial notice of court order for purpose of recognizing "judicial act" which the order represents); *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."); *Isaac v. Jones*, 529 F. Supp. 175, 179 n.2 (N.D. Ill. 1981).

should deny respondent's motion to transfer the petition to the Sixth Circuit, and should order respondent to file an answer to the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 6/13/12

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 13, 2012.

                                        s/Eddrey Butts
                                        Case Manager