UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICK LEO SHEKO,

       Petitioner,

                                  Case No. 2:11-cv-11969
v.                               HON. GEORGE CARAM STEEH

PAUL KLEE,

       Respondent.
_____/

ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DOC.8] AND GRANTING IN PART
AND DENYING IN PART RESPONDENT'S MOTION TO TRANSFER

Petitioner Patrick Sheko is currently serving a prison term of 25-50 years in Gus

Harrison Correctional Facility in Adrian, Michigan, after pleaded no contest to four

counts of first-degree criminal sexual conduct ("CSC") in 1991.  The Michigan Court of

Appeals affirmed his convictions and the Michigan Supreme Court denied his

application for leave to appeal.  Petitioner then filed an application for writ of habeas

corpus in the United States District Court for the Eastern District of Michigan on April 21,

1997.  Judge Barbara Hackett dismissed the petition without prejudice on April 29,

1998, based on petitioner's failure to exhaust his state court remedies.

Petitioner filed the present application for writ of habeas corpus on May 4, 2011,

challenging the same CSC convictions.  In lieu of filing an answer, respondent filed a

motion to transfer the case to the Sixth Circuit arguing that the Sixth Circuit's

authorization is required for this court to consider petitioner's application because it

constitutes a "second or successive petition" under 28 U.S.C. § 2244(b).  The motion to

transfer was referred to the magistrate judge for report and recommendation ("R&R").

On June 13, 2012, the magistrate judge issued an R&R recommending that

respondent's motion to transfer be denied and that respondent be required to file an

answer.  The magistrate judge concluded that petitioner's habeas application does not

constitute a "second or successive" application pursuant to 28 U.S.C. § 2244(b), and

therefore, the Sixth Circuit's authorization is not required.  Respondent filed timely

objections to the R&R.  Petitioner filed a response to the objections after the permitted

time frame.  The court has reviewed the file, record, magistrate judge's R&R,

respondent's objections and petitioner's response.  For the following reasons, the court

accepts the R&R in part, but dismisses petitioner's habeas application on statute of

limitations grounds.

Respondent does not object to the magistrate judge's finding that petitioner's

habeas application does not constitute a "second or successive" application under 28

U.S.C. § 2244(b).  However, respondent does object that the magistrate judge failed to

address respondent's alternative argument in the motion to transfer.  Respondent

contends that after finding petitioner's application does not constitute a "second or

successive" application, the magistrate judge should have considered the statute of

limitations argument.  Respondent argues that petitioner's application is time-barred

under 28 U.S.C. § 2244(d) and that petitioner is not entitled to equitable tolling.

The court notes that respondent did not develop the statute of limitations

argument in his motion.  Respondent's motion is simply titled as a motion to transfer,

and its supporting brief does not contain any arguments for dismissal on the basis of the

statute of limitations.  Respondent's motion devotes one sentence to *request* dismissal

on statute of limitations grounds, but does not develop any arguments in support thereof.

The statute of limitations provision under the AEDPA is an affirmative defense rather than jurisdictional. See Scott v. Collins, 286 F.3d 923, 927 (6th Cir. 2002). Under the Federal Rules of Civil Procedure 8(c) and 12(b), a defendant forfeits a statute of limitations defense if not raised in the answer. (The Federal Rules of Civil Procedure are incorporated into the Rules Governing Section 2254 Cases in the United States District Courts. See id. at 927-28; Day v. McDonough, 547 U.S. 198, 207-08 (2006)). Nevertheless, this case is still in its pre-answer stage, and therefore respondent has not forfeited his statute of limitations defense. Furthermore, addressing the statute of limitations issue is not prejudicial to petitioner. Petitioner already admitted in his petition that it was not filed within the one year statute of limitations under the AEDPA, but he argued that he is entitled to equitable tolling because he is actually innocent. In addition, he had an opportunity to respond to respondent's objections related to the statute of limitations. The court accepts petitioner's response to respondent's objection even though it was not filed within the specified time frame. Under these circumstances, the court will consider the statute of limitations issue.

Respondent first argues that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). Respondent relies on the fact that petitioner took no action after his initial habeas petition was dismissed based on his failure to

exhaust his state court remedies in 1998, nor did he identify any extraordinary circumstance preventing him from timely filing.  Consequently, respondent concludes that petitioner is not entitled to equitable tolling because petitioner cannot show either Holland factor.

Petitioner contends that Holland is not controlling in this case because his equitable tolling claim is based on actual innocence.  The Sixth Circuit recently held that a petitioner who makes a credible showing of actual innocence need not demonstrate reasonable diligence to be entitled to equitable tolling under the AEDPA's statute of limitations.  Perkins v. McQuiggin, 670 F.3d 665, 676 (6th Cir. 2012).  The Sixth Circuit reasoned that the Supreme Court has never required reasonable diligence for equitable tolling based on actual innocence and imposing such requirement would stand in the way of "the Supreme Court's rich jurisprudence protecting the rights of the wrongfully incarcerated."  Id.  Respondent argues that the Perkins decision is irreconcilable with the Supreme Court's decision in Holland and the State of Michigan is filing a petition for a writ of certiorari to the Supreme Court.  However, until the Supreme Court reaches a different conclusion, this court is bound by the Sixth Circuit's decision.

Petitioner must still meet the high standard for showing actual innocence set forth in Souter v. Jones, 395 F.3d 577 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Id. at 590 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995) (internal quotation marks omitted)).  Furthermore, "actual innocence means factual innocence, not mere legal insufficiency."  Id. (quoting Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks omitted)). In

addition, to establish a credible actual innocence claim, a petitioner needs to support his

claim with "new reliable evidence–whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence–that was not presented at

trial." Id. (quoting Schlup, 513 U.S. at 324) (internal quotation marks omitted)).

Ultimately, "the actual innocence exception should 'remain rare' and 'only be applied in

the extraordinary case.'" Id. (quoting Schlup, 513 U.S. at 321).

Petitioner presents one exhibit, the victim's physical examination report ("report"),

as new evidence supporting his actual innocence. Petitioner argues that the report did

not show any evidence of physical injuries found by the examining physician. In

addition, the report includes statements from the victim denying any sexual or physical

abuse. Respondent argues that this report is not "new" evidence, and it does not

establish petitioner's actual innocence. The court agrees.

Petitioner claims that the report was withheld by the prosecution, but he does not

assert that the report was newly discovered evidence. In fact, he states that he

received a copy of the report from his attorney who represented him at the state

appellate proceedings in 1993. (Petitioner's Br. at 9.) He had ample time to file a

petition based on this evidence, but he failed to do so. Furthermore, the report itself is

not compelling evidence for petitioner's actual innocence.

Petitioner argues that the report contains no sign of injuries at the time of the

victim's examination. However, physical injuries are not required to establish the

elements of CSC. See Mich. Comp. Laws 750.520b (2009). The statement denying

any sexual or physical abuse from the victim is unpersuasive as well. The victim was

the daughter of petitioner's former girlfriend, and she lived with petitioner between the

ages of three to seven.  The victim was nine years old at the time petitioner was arrested.  Circumstances render it unreasonable to rely on the statement of a child of such a tender age.  In conflict with the statements, the prosecution had photos that depict the naked victim sitting on petitioner's lap and a videotape showing petitioner performing sexual acts with the victim, even though petitioner denied being a participant in the videotape.  While the report may raise doubts of petitioner's guilt, it does not show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Souter, 395 F.3d at 590.  Therefore, petitioner is not entitled to equitable tolling based on actual innocence.

Respondent further argues that petitioner is not entitled to equitable tolling based on actual innocence because he pleaded no contest to the charges brought against him, resulting in the waiver of any right to assert non-jurisdictional challenges to his conviction. United States v. Martinez-Orozco, 52 Fed. App'x 790, 792 (6th Cir. 2002). Due to the finding that petitioner's habeas petition is time barred, the court need not address this additional argument.

As to the issue of transfer, the court accepts and adopts the magistrate judge's R&R.

Accordingly,

IT IS HEREBY ORDERED that the magistrate judge's R&R is accepted and adopted in part as the reasoning of this court.

IT IS FURTHER ORDERED that respondent's motion to transfer is GRANTED in part and DENIED in part.

2:11-cv-11969-GCS-PJK   Doc # 11   Filed 08/14/12   Pg 7 of 7   Pg ID 177

IT IS FURTHER ORDERED that petitioner's habeas application is DISMISSED

on statute of limitations grounds.

Dated: August 14, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 14, 2012, by electronic and/or ordinary mail and on
Patrick Sheko, #220470, Gus Harrison Correctional Facility,
2727 E. Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk